# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA R. STALLWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 06-0696-BH-M |
| TARA BETTS HOLLINGER, | ) | |
| GLENDA HASSAN, and the UNITED | ) | |
| STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on a motion to dismiss (Doc. 3) filed by the United States of America on behalf of itself and the individual Defendant Glenda Hassan and on plaintiff's motion to remand (Doc. 11), as supplemented (Doc. 14).  Upon consideration of these motions, plaintiff's response (Doc. 11) in opposition to the United States's motion to dismiss, the reply (Doc. 15) of the United States in support of its motion to dismiss, the response (Doc. 13) of the United States to plaintiff's motion to remand, and all other pertinent portions of the record, the Court concludes and it is therefore **ORDERED** as follows:

1.  Plaintiff's motion to remand is due to be and is hereby **DENIED** with respect to the complaint against Glenda Hassan for the reasons stated by the United States.  Removal of civil actions commenced in state court against a Federal officer sued in her official *or* individual capacity for any act under color of office is clearly authorized

by 28 U.S.C. § 1442(a)(1).  The Court also agrees that the Westfall certificate filed by the United States in this action "conclusively establish[s] [Ms. Hassan's] scope of office or employment for removal purposes."  *See*, 28 U.S.C. § 2679(d)(2); *Gutierrez de Martinez v. Lamagno*, 551 U.S. 417, 432-436 and 440-441 (1995).  In addition, removal is proper because the United States has raised a more than colorable Federal defense arising out of Ms. Hassan's duty to enforce Federal Law as set forth below with respect to the pending motion to dismiss.

2.      The United States's motion to dismiss the claims against Glenda Hassan is due to be and is hereby **GRANTED** for the reasons stated therein. Plaintiff has proffered no authority for her proposition that Glenda Hassan may be sued in her individual capacity despite the conclusive evidence submitted in this case by way of a Westfall certificate made pursuant to 28 U.S.C. § 2679(d)(2) that she was acting within the scope of her employment.[1]  Nor has plaintiff proffered any argument that, inasmuch as this action is now one against the United States which is immune from suit except as provided

---

[1] Section 2679(d)(2) provides, in pertinent part:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

in the Federal Tort Claims Act ("FTCA"), she has exhausted the requisite administrative remedies which are a condition precedent to the institution of any litigation such as this action. Nor does the plaintiff refute the fact that the FTCA expressly provides that its waiver of sovereign immunity does not apply to actions for libel, slander, misrepresentation and deceit. 28 U.S.C. § 2680(h). Consequently, plaintiff's claims against the United States, as properly substituted for Ms. Hassan, are due to be dismissed.

     3.     Plaintiff's motion to remand is due to be and is hereby **GRANTED** with respect to the sole remaining claims against Tara Betts Hollinger. Although the Court was authorized to and properly exercised supplemental jurisdiction over the claims asserted against Ms. Hollinger upon removal of the action by the United States, the Court likewise has the discretion to decline to exercise such jurisdiction now that it has dismissed the claims against the United States. 28 U.S.C. § 1367(c)(3).[2] The Clerk of this Court is therefore directed to take such steps as are necessary to transfer the action with respect to the sole remaining defendant, Tara Betts Hollinger, back to the Circuit Court of Monroe County, Alabama, from whence it was removed.

     **DONE** this 21st day of November, 2006.

                                                          s/ W. B. Hand
                                               SENIOR DISTRICT JUDGE

---

[2] Section 1367(c)(3) provides that this court "may decline to exercise supplemental jurisdiction . . . if – [it] has dismissed all claims over which it has original jurisdiction."